UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| THOMAS GONGORA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:24-cv-01559-JPH-MG ) |
| CENTURION HEALTH SERVICES LLC, ROBINSON (RN), | ) ) ) ) |
| Defendants. | ) |

**ORDER GRANTING UNOPPOSED MOTION FOR SUMMARY JUDGMENT**

Indiana prisoner Thomas Gongora sues Nurse Robinson and her employer, Centurion Health Services, for failing to adequately treat an injured foot. The defendants have asserted the affirmative defense that Mr. Gongora failed to exhaust administrative remedies before filing suit, and they seek summary judgment on that basis. For the following reasons, their unopposed motion is granted, and this case is dismissed.

## I.
## Summary Judgment Standard

Parties in a civil dispute may move for summary judgment, which is a way of resolving a case short of a trial. *See* Fed. R. Civ. P. 56(a). Summary judgment is appropriate when there is no genuine dispute as to any of the material facts, and the moving party is entitled to judgment as a matter of law. *Id.*; *Pack v. Middlebury Comm. Schs.*, 990 F.3d 1013, 1017 (7th Cir. 2021). A "genuine dispute" exists when a reasonable factfinder could return a verdict for the

1

nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "Material facts" are those that might affect the outcome of the suit. *Id.*

When reviewing a motion for summary judgment, the Court views the record and draws all reasonable inferences from it in the light most favorable to the nonmoving party. *Khungar v. Access Cmty. Health Network*, 985 F.3d 565, 572–73 (7th Cir. 2021). It cannot weigh evidence or make credibility determinations on summary judgment because those tasks are left to the fact-finder. *Miller v. Gonzalez*, 761 F.3d 822, 827 (7th Cir. 2014). The Court is required to consider only the materials cited by the parties, *see* Fed. R. Civ. P. 56(c)(3); it is not required to "scour the record" for evidence that is potentially relevant. *Grant v. Trs. of Ind. Univ.*, 870 F.3d 562, 573–74 (7th Cir. 2017).

"[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "[T]he burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325.

Mr. Gongora has not responded to the summary judgment motion, and the deadline to do so has passed. When a summary judgment motion is unopposed, facts alleged in the motion are "admitted without controversy" so

long as support for them exists in the record. S.D. Ind. L.R. 56-1(f); *see* S.D. Ind. L.R. 56-1(b) (party opposing judgment must file response brief and identify disputed facts). "Even where a non-movant fails to respond to a motion for summary judgment," though, "the movant still has to show that summary judgment is proper given the undisputed facts." *Robinson v. Waterman*, 1 F.4th 480, 483 (7th Cir. 2021) (cleaned up).

## II.
## Prison Litigation Reform Act and Exhaustion of Administrative Remedies

On a motion for summary judgment, "[t]he applicable substantive law will dictate which facts are material." *National Soffit & Escutcheons, Inc., v. Superior Sys., Inc.*, 98 F.3d 262, 265 (7th Cir. 1996) (citing *Anderson*, 477 U.S. at 248). In this case, the substantive law is the Prison Litigation Reform Act (PLRA), which requires that a prisoner exhaust available administrative remedies before suing over prison conditions. 42 U.S.C. § 1997e(a). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002) (citation omitted).

"To exhaust administrative remedies, a prisoner must comply strictly with the prison's administrative rules by filing grievances and appeals as the rules dictate." *Reid v. Balota*, 962 F.3d 325, 329 (7th Cir. 2020) (citing *Woodford v. Ngo*, 548 U.S. 81, 90–91 (2006)). A "prisoner must submit inmate complaints and appeals 'in the place, and at the time, the prison's administrative rules

3

require.'" *Dale v. Lappin*, 376 F.3d 652, 655 (7th Cir. 2004) (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002)).

"Because exhaustion is an affirmative defense," the defendants face the burden of establishing that "an administrative remedy was available and that [Mr. Gongora] failed to pursue it." *Thomas v. Reese*, 787 F.3d 845, 847 (7th Cir. 2015). "[T]he ordinary meaning of the word 'available' is 'capable of use for the accomplishment of a purpose,' and that which 'is accessible or may be obtained.'" *Ross v. Blake*, 578 U.S. 632, 642 (2016) (internal quotation omitted). "[A]n inmate is required to exhaust those, but only those, grievance procedures that are capable of use to obtain some relief for the action complained of." *Id.* (internal quotation omitted).

### III.
### Facts

The Indiana Department of Correction (IDOC) maintains an Offender Grievance Process, which is an administrative remedy program designed to allow inmates "to express complaints and topics of concern for the efficient and fair resolution of legitimate offender concerns." Dkt. 26-1 at 6. Inmates can use the grievance process to resolve concerns about "[a]ctions of individual staff, contractors, or volunteers" and "concerns relating to conditions of care or supervision within the" IDOC. *Id.* at 8.

To exhaust the grievance process's remedies, an inmate must complete four steps. First, the inmate must attempt to resolve his concern informally. *Id.* (formal grievance must follow "unsuccessful attempts at informal

resolutions"). Second, if the inmate is unable to achieve a satisfactory resolution informally, he must submit a formal grievance to the grievance specialist. *Id.* at 14–17. Third, if the inmate is dissatisfied with the grievance specialist's response, he must submit an appeal to the grievance specialist, who will transmit the appeal to the warden or the warden's designee. *Id.* at 17–18. Fourth, if the inmate is dissatisfied with the warden's response, he must submit a second appeal to the IDOC's grievance manager. *Id.* at 18–19.

IDOC records show that, as of January 2025, Mr. Gongora had submitted five formal grievances during his incarceration. Dkt. 26-2 at 1. The most recent, submitted in February 2024, concerned requests for clothing and linens. *Id.* at 1, 9. He appealed the denial of that grievance on April 25, 2024. *Id.* at 3. The only grievances concerning medical care were submitted in 2013 and 2017, when Mr. Gongora was incarcerated at a different prison. *Id.* at 1.

Mr. Gongora's complaint concerns medical care for his foot beginning in May 2024. Dkt. 1 at 3.

### IV.
### Analysis

The undisputed record shows that the IDOC's administrative remedy program was available to Mr. Gongora. He utilized the process at multiple points during his incarceration and in fact submitted a grievance appeal just weeks before the events giving rise to his complaint. Meanwhile, he has not responded with any evidence to support a finding that any circumstance made any part of

5

the process unavailable to him for purposes of grieving his concerns about the treatment of his foot.

The undisputed record also shows that Mr. Gongora did not submit any formal grievances or otherwise attempt to utilize the administrative remedy program. Mr. Gongora has not designated any evidence supporting a finding that he submitted grievances that were not logged, improperly rejected, or otherwise omitted from the record.

Finally, no allegations in Mr. Gongora's complaint or evidence in the record indicate that any factual question regarding the merits of his claims is intertwined with the question of whether he exhausted available administrative remedies, such that resolution of the exhaustion defense must be deferred to a jury trial. *See Perttu v. Richards*, 605 U.S. 460, 479 (2025) ("[W]e hold that parties are entitled to a jury trial on PLRA exhaustion when that issue is intertwined with the merits of a claim protected by the Seventh Amendment."). Nothing indicates, for example, that Mr. Gongora's foot condition prevented him from obtaining the materials necessary to submit a grievance.

Because the undisputed record leaves no question that administrative remedies were available to Mr. Gongora and he did not exhaust them, the defendants are entitled to summary judgment.

## V.
## Conclusion

The defendants' unopposed motion for summary judgment, dkt. [23], is **granted**. This action is **dismissed without prejudice**. *See Ford v. Johnson,* 362

F.3d 395, 401 (7th Cir. 2004) ("*all* dismissals under § 1997e(a) should be without prejudice."). The **clerk is directed** to enter **final judgment**.

**SO ORDERED.**

Date: 8/12/2025

        *James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

THOMAS GONGORA
188540
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
P.O. Box E
NEW CASTLE, IN 47362

All electronically registered counsel